UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LUKE E. TUCKER,
    Plaintiff,   Case No.
v.
SHERIFF OF LAKE COUNTY,
IN HIS OFFICIAL CAPACITY, ARMOR
CORRECTIONAL HEALTH SERVICES, INC.,
ARNP JACQUELINE NURSE, INDIVIDUALLY,
RN WILMA CRUZ, INDIVIDUALLY,
LPN CYNTHIA MACIAS, INDIVIDUALLY,
RN APRIL SCHOFIELD, INDIVIDUALLY,
DR. DORA A. GAXIOLA, INDIVIDUALLY,
RN SHANA BOCK, INDIVIDUALLY,
RN LILLIAM ROJAS, INDIVIDUALLY, and
LPN AMARA HOSEIN, INVIDIDUALLY,
    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, LUKE E. TUCKER (hereinafter "Plaintiff"), and hereby sues Defendants SHERIFF OF LAKE COUNTY, (hereinafter "Sheriff") in his official capacity, ARMOR CORRECTIONAL HEALTH SERVICES, INC. (hereinafter "Armor"), ARNP JACQUELINE NURSE, (hereinafter "Nurse") individually, RN WILMA CRUZ, (hereinafter "Cruz") individually, LPN CYNTHIA MACIAS, (hereinafter "Macias") individually, RN APRIL SCHOFIELD, (hereinafter "Schofield")

individually, DR. DORA A. GAXIOLA, (hereinafter "Dr. Gaxiola") individually, RN SHANA BOCK, (hereinafter "Bock") individually, RN LILLIAM ROJAS, (hereinafter "Rojas") individually, and LPN AMARA HOSEIN, (hereinafter "Hosein") individually, (hereinafter collectively "Armor Defendants") and alleges:

## JURISDICTION AND VENUE

1. Plaintiff in this action seeks relief under the Fourteenth Amendments of the United States Constitution, and 42. U.S.C. § 1983, including compensatory damages, costs, and attorney's fees, pursuant to 42 U.S.C. § 1988.

2. Venue is proper in the Middle District Court of Florida, pursuant to 28 U.S.C. § 1391(b), as all Defendants work and/or reside in this District, and all of the acts and omissions giving rise to this action occurred in Lake County, Florida.

3. The Court has federal question jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, 1343(a)(3).

4. All conditions precedent to the maintenance of this action, including those set forth in Florida Statute § 768.28, have been

performed, have occurred prior to its institution, or have been waived. See Exhibit A attached.

## PARTIES

5. At all times material hereto, Plaintiff was a resident of Lake County, Florida, is otherwise sui juris and at all times relevant to this action, Plaintiff was incarcerated at the Lake County Jail.

6. At all times material hereto, Defendant Sheriff is an entity, corporate and political, duly organized under the laws of the State of Florida.

7. Defendant Sheriff is the governmental entity responsible, as a matter of law, for the actions of its officials, agents, and employees, and was responsible for their training, supervision, and conduct.

8. Defendant Sheriff is also responsible for ensuring that its rules and regulations are followed and enforced.

9. At all times material hereto, Defendant Armor was a for-profit corporation formed under the laws of Florida with its principal place of business located in Miami-Dade County, Florida and doing business in Lake County, Florida at the Lake County Jail.

10. Defendant Armor is responsible for all its employees who were acting as agents for Defendant Armor and individuals who are listed below, collectively "Armor Defendants".

11. Defendant Armor was an independent contractor hired by Defendant Sheriff to provide medical care at the Lake County Jail.

12. Defendant Armor had decision-making authority over the medical care provided to inmates at the Lake County Jail.

13. At all times material hereto, Defendant Nurse was employed by Defendant Armor and was an Advanced Registered Nurse Practitioner at the Lake County Jail while Plaintiff was incarcerated there and was responsible for inmate health care at Lake County Jail.

14. At all times material hereto, Defendant Cruz was employed by Defendant Armor and was a Registered Nurse at the Lake County Jail while Plaintiff was incarcerated there and was responsible for inmate health care at Lake County Jail.

15. At all times material hereto, Defendant Macias was employed by Defendant Armor and was a Licensed Practitioner Nurse at the

Lake County Jail while Plaintiff was incarcerated there and was responsible for inmate health care at Lake County Jail.

16. At all times material hereto, Defendant Schofield was employed by Defendant Armor and was a Registered Nurse at the Lake County Jail while Plaintiff was incarcerated there and was responsible for inmate health care at Lake County Jail.

17. At all times material hereto, Defendant Dr. Gaxiola was employed by Defendant Armor and was a doctor and medical director at the Lake County Jail while Plaintiff was incarcerated there and was responsible for inmate health care at Lake County Jail.

18. At all times material hereto, Defendant Bock was employed by Defendant Armor and was a Registered Nurse at the Lake County Jail while Plaintiff was incarcerated there and was responsible for inmate health care at Lake County Jail.

19. At all times material hereto, Defendant Rojas was employed by Defendant Armor and was a Licensed Practitioner Nurse at the Lake County Jail while Plaintiff was incarcerated there and was responsible for inmate health care at Lake County Jail.

20. At all times material hereto, Defendant Hosein was employed by Defendant Armor and was a Licensed Practitioner Nurse at the Lake County Jail while Plaintiff was incarcerated there and was responsible for inmate health care at Lake County Jail.

## 42 U.S.C. § 1983 FOURTHTEENTH AMENDMENT DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED

21. Plaintiff realleges paragraphs 1 – 18 as fully stated herein.

22. On or about June 24, 2018, Plaintiff was in custody in the Lake County Jail.

23. At approximately 11:00 on June 24, 2018, Plaintiff was attacked by another inmate of the Lake County Jail.

24. After the attack by the inmate, Plaintiff immediately went to the medical facility in the Lake County Jail to seek treatment for the injuries from the attack.

25. Defendant Sheriff and Armor Defendants were all involved in the medical care or lack thereof of Plaintiff during his time at the Lake County Jail.

26. Plaintiff was suffering from pain all over his face and head region.

27. Defendant Sheriff and the Armor Defendants in the Lake County Jail medical facility informed Plaintiff that he was uninjured and sent Plaintiff back to his jail pod.

28. That same day, June 24, 2018, Plaintiff called his mother, Tonya Harper, and informed her that he was in extreme pain stemming from an attack by another inmate and that Plaintiff believed his jaw was broken.

29. Plaintiff's mother, Tonya Harper, went to visit Plaintiff at approximately 19:00 on June 24, 2018.

30. During the visit with Plaintiff, Plaintiff's mother, Tonya Harper, believed Plaintiff's jaw was broken as well.

31. Plaintiff's mother, Tonya Harper, spoke to a Lieutenant employed by Defendant Sheriff, who informed Plaintiff's mother that he would review the incident report and transfer Plaintiff to the medical facility.

32. Most of the day on or around June 25, 2018, the day after the attack on Plaintiff, Plaintiff sat in the medical pod.

33. While sitting in the medical pod, Plaintiff was sitting directly next to an x-ray machine.

34. An x-ray was needed to diagnose whether Plaintiff's jaw was broken.

35. X-rays were not taken by Defendant Sheriff and Armor Defendants until late in the day of June 25, 2018.

36. On June 25, 2018, x-rays were taken by Defendant Sheriff and Armor Defendants of Plaintiff's head and face.

37. The x-rays showed that Plaintiff's jaw was bilaterally broken and his eye socket was fractured.

38. The Armor Defendants in the medical pod of Defendant Sheriff neglected to give Plaintiff any pain medicine for his broken jaw and fractured eye socket.

39. Moreover, from June 24 – 25, 2018, Defendant Sheriff and the Armor Defendants served Plaintiff regular hard food consisting of such food as hamburgers, even though it was obvious Plaintiff could not consume hard consistency foods.

40. Moreover, from June 24 – 25, 2018, Plaintiff was given medical cursory medical treatment, Defendant Sheriff and Armor Defendants so that it amounted to no medical treatment at all.

41. On the afternoon of June 26, 2018, Plaintiff was transferred to Ocala Regional Medical Center for emergency surgery to set Plaintiff's jaw in place.

42. Defendant Sheriff has an official policy or custom that caused the injury to the Plaintiff.

43. Defendant Sheriff is responsible for the conduct of its employees and contractors who are acting in the course and scope of their employment, including the Armor Defendants.

44. Defendant Sheriff contracted with Armor Defendants to provide medical care for inmates at the Lake County Jail.

45. Defendant Armor has been blamed for poor health care of inmates in dozens of court records across the country.

46. Defendant Armor and its employees and agents have a pattern and practice of failing to properly provide health care for inmates, have falsified reports and records of inmates, and failed to properly document medical records.

47. Defendant Armor cuts corners in medical care in order to cut costs at the at the expense of patients.

48. Defendant Armor's culture, policies and customs focus on cost reductions and cost savings rather than the provision of adequate care.

49. Defendant Armor failed to train and educate its employees and agents in the provision of adequate care.

50. Defendant Sheriff knew, or should have known, of the poor quality healthcare and lack of healthcare provided by Armor Defendants.

51. Yet Defendant Sheriff still contracted with Armor Defendants and allowed Armor Defendants to be in charge of the medical care of the Lake County Jail.

52. On July 1, 2019, after many complaints, lawsuits, and investigations, Defendant Sheriff, finally broke ties with Defendant Armor and hired a new corporation to manage the medical facility at the Lake County Jail.

53. Plaintiff's claims arose while he was a pretrial detainee.

54. As a result of the above described actions of Defendants Sheriff and Armor Defendants collectively, Plaintiff suffered damages and pain and suffering.

55. Plaintiff was forced to lie next to an x-ray machine with no pain medicine, no edible food, no x-rays, and no care for a significant time.

56. Defendants Sheriff and Armor Defendants recklessly disregarded the substantial risk of harm to Plaintiff and failed to provide Plaintiff with medical care and diagnoses of his obviously broken jaw.

57. Defendant Armor is vicariously liable for any acts of its agents and employees who rendered care to Plaintiff during his incarceration at the Lake County Jail in June 2018.

58. Plaintiff has hired and agreed to pay a reasonable fee to undersigned counsel as a result of Defendants Sheriff and Armor Defendants' actions and is entitled to recover his attorney fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment against Defendants Sheriff and Armor Defendants as follows:

a. Compensatory damages and damages for pain and suffering;

b. Plaintiff's costs, expenses, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

c. For such other and further relief as the court may deem just and proper;

d. Trial by jury.

RESPECTFULLY submitted this 8th day of April, 2021.

*/s/ Stanley W. Plappert*
Stanley W. Plappert, Esquire
Attorney for the Plaintiff
Florida Bar No.: 76603
The Florida Legal Advocacy Group, P.A.
445 NE 8th Avenue
Ocala, FL 34470
(352) 732-8030 Telephone
(888) 399-3129 Facsimile
swp@thefloridalegaladvocacygroup.com